DETERMINED IN THE

# SUPREME COURT,

## JANUARY TERM, 1873.

---

[No. 3,389.]

45   189
122   324

## JOSEPH POWNALL *v.* JOSIAH HALL.

EQUITY WILL RELIEVE FROM MISTAKE IN REDEEMING FROM SHERIFF'S SALE.—When the redemptioner pays the whole or a part of the amount required to redeem from the Sheriff's sale, in counterfeit money, and such money is paid and received under a mutual mistake as to its character, it is not a valid redemption, and the party from whose purchase the redemption was thus made is entitled to relief in equity, and to be placed in *statu quo* on returning the money which he received.

IDEM.—If, however, the defendant paid the money under an innocent mistake, a Court of equity will relieve him from the consequences of his mistake, and allow him to perfect the redemption on payment of good money and interest.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

The plaintiff alleges that he held by assignment a Sheriff's certificate of sale of real estate; that the defendant, being a junior judgment creditor of the defendant in execution under which the real estate was sold, sought to redeem

from the plaintiff, and for that purpose paid him the redemption money in what purported to be legal tender notes, but of which one note of the denomination of one hundred dollars was counterfeit; that the plaintiff did not discover that the note was counterfeit until some two months after the payment; that twelve days after the discovery, December 12th, 1870, he tendered back the entire sum paid, including the counterfeit note, demanding that the redemption be canceled; that the defendant refused to receive the notes or to cancel the redemption; that the defendant had obtained a deed from the Sheriff for the land, dated December 16th, 1870, and that he was about disposing of the property. The plaintiff asked that the defendant be restrained from disposing of the real estate; that the redemption be declared fraudulent, and that the defendant be required to reconvey the title to the plaintiff. The defendant demurred to the complaint, on the ground that the plaintiff had an adequate remedy at law. The demurrer was sustained, and judgment rendered for the defendant. The plaintiff appealed from the judgment and from the order sustaining the demurrer.

*E. A. Rodgers & E. R. Galvin,* for Appellant.

Redemption can only be effected by a strict compliance with the conditions of the statutes. (*Haskell* v. *Manlove,* 14 Cal. 57.)

One of those conditions is the absolute payment of the redemption money. (Practice Act, Sec. 231.)

The giving of a counterfeit bank note, even under the belief by both debtor and creditor that it is genuine, is no payment. (*Thomas* v. *Hood,* 6 Hill, 340.)

The same is true where payment is attempted to be made in bills of a bank which has suspended, even though payor and payee are both ignorant of the suspension. (*Ontario Bank* v. *Lightbody,* 13 Wend. 101.)

Payment of the full amount is one of the essential condi-

tions to effect redemption, and the redemption is not effected by paying with a check on a bank, unless the check is presented and paid before the expiration of the time for redeeming. (*People* v. *Baker*, 20 Wend. 602.)

If the short payment is caused by a mistake of the officer, or is the error of the party seeking to redeem and full payment is not made, there is no valid redemption. (*Dickinson* v. *Gilliland*, 1 Cowen, 481; *Hall* v. *Fisher*, 1 Barb. Ch. 58.)

One who through mistake as to the sum required has failed to pay the full amount of redemption money, acquires no rights by paying, or offering to pay, the deficiency after the time for redemption has passed. (*Ex Parte Raymond*, 1 Den. 272.)

*Caleb Dorsey*, for Respondent.

Admitting that, in consequence of one of the legal tender notes which was paid as a part of the redemption money being counterfeit, in the absence of fraud, would that invalidate the redemption?

The allegations of the complaint are not sufficient to entitle plaintiff to the relief demanded, on the ground of fraudulent representations. The complaint charges fraud in general terms, and does not state the facts constituting the fraud. It simply states that the defendant, "by false and fraudulent representations induced this plaintiff to believe that he had redeemed of plaintiff," etc. The complaint does not state the nature and character of the representations; nor does it show that defendant knew that any representation made to plaintiff by him was false; nor that defendant knew that the legal tender note was counterfeit; nor does it specify any fact which tends to show a fraudulent intent on the part of the defendant in the whole transaction. Fraud must not be charged in general terms; but the facts constituting the fraud must be specifically set forth in the complaint. (*Castle* v. *Baden*, 23 Cal. 75; *Kent* v. *Snyder*,

30 .Cal. 666 ; *Oakland* v. *Carpentier*, 21 Cal. 641.) Where the general charge of fraud is based upon false suggestions, fraudulent concealment, and misrepresentations, the acts of fraud and misrepresentation on which the general charge is based must be specified in the complaint, or it will not state facts sufficient to constitute a cause of action. (*Semple* v. *Hager*, 27 Cal. 163.)

We contend that such short payment would not of itself make redemption void. There is no principle of equity that would require that such a redemption should be held to be void as long as the plaintiff has a complete and adequate remedy at law. All that the plaintiff can ask is, that he should be paid his hundred dollars to make good the counterfeit legal tender note. He can sue Hall, the defendant, for that amount ; and if it be proven that the note was counterfeit he will certainly receive judgment for that amount. As long as Hall is not insolvent, and is able to pay the hundred dollars, the plaintiff has no grounds to ask that the redemption should be set aside. (*Dickinson* v. *Gilliland*, 1 Cowen, 481.)

By the COURT:

The complaint does not aver that the defendant, when he paid the redemption money to the plaintiff, knew the counterfeit one hundred dollar legal tender note to be spurious, and the general allegation of fraud in effecting the redemption is too vague to be considered. We must, therefore, assume, for the purposes of this decision, that the counterfeit note was paid in good faith. But it is well settled that a payment in counterfeit notes, even when made in good faith, is no payment, for the reason that the notes were of no value, and were paid and received under a mistake as to their true character. For the same reason a payment consisting in part of spurious notes is bad *pro tanto*, and to that

extent is no payment. The defendant's effort to redeem was, therefore, ineffectual, inasmuch as a considerable portion of the amount required to effect the redemption was paid in a counterfeit note. There was no valid redemption, and prima facie the plaintiff is entitled to be relieved in a Court of equity from the consequences of the mutual mistake under which the parties labored, as to the character of the note, and to be placed *in statu quo* on returning the money which he received. But if the defendant was a qualified redemptioner and attempted in good faith to redeem within the proper time and was prevented from perfecting a valid redemption only by an innocent mistake in respect to the true character of the spurious note, and if in his answer he shall set up these facts and ask to be relieved from the consequences of the mistake and to be allowed to perfect the redemption on payment of the one hundred dollars and interest, it will be competent for the Court to grant the relief. The case falls within that branch of equitable jurisdiction by which Courts of equity administer relief in cases of mistake, on such terms as may be just.

Judgment reversed and cause remanded, with an instruction to the Court below to overrule the demurrer to the complaint.